**Noah Bishop, Oregon Bar No. 092871**
Special Counsel to Plaintiff
Law Offices of Alexzander C. J. Adams, P.C.
14705 SW Millikan Way
Beaverton, OR 97006
noah@acjalaw.com
Fax:     888-588-5410
Office: 503-278-5400

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Lizbeth Mary Hansen,<br><br> Debtor(s) | Case No.: 18-33190-dwh7 |
| Lizbeth Mary Hansen,<br><br> Plaintiff,<br><br>  v.<br><br>Comcast Corporation,<br><br> Defendant, | **Adv. Proc No:**<br><br>**COMPLAINT**<br>**11 U.S.C. § 1301, § 362, §105(a)** |

1.

**LBR 7007-1 CERTIFICATION**

Page 1 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 &
105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:     888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18

Prior to filing this complaint, Comcast Corporation (Defendant) was notified by the Bankruptcy Court of Oregon that Lizbeth Mary Hansen (Plaintiff) had filed a Chapter 7 Bankruptcy. (**See Doc. 11[1].**) Defendant acknowledged to Plaintiff that it knew about the bankruptcy, yet continued to collect its prepetition debt from Plaintiff. This leaves Plaintiff no choice but to file this Complaint.

2.

**JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

3.

Plaintiff filed a chapter 7 bankruptcy, case no. 18-33190-dwh7, in the District of Oregon on September 12, 2018. **See Doc. 1.**

4.

Defendant is a Foreign Business Corporation based in Oregon.

5.

Venue is proper because Defendant attempted to collect prepetition debt from Plaintiff while she was under the protection of the Oregon Bankruptcy Court's automatic stay.

6.

**NATURE OF CLAIM**

Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 617 (9th Cir. 1993)) and Plaintiff consents to entry of final orders and judgments by the Oregon Bankruptcy Court.

7.

**FACTUAL ALLEGATIONS**

---

[1] All references to "Doc." are to the docket in District of Oregon bankruptcy case number 18-33190-dwh7.

Page 2 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 & 105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18

This complaint's allegations are based on personal knowledge as to Defendant's conduct and made on information and belief as to the acts of others.

8.

Plaintiff incurred a prepetition debt to Defendant for credit she was ultimately unable to repay. Plaintiff's debt to Defendant was a contributing reason to her choosing to file for bankruptcy protection. Plaintiff believed that the automatic stay would allow her to move on from Defendant and protect her from unwanted harassment while she tried for a fresh start.

9.

On September 14, 2018 at 1:39 AM the United States Bankruptcy Court's Noticing Center emailed notice of Plaintiff's bankruptcy filing, and the attendant automatic stay, to Defendant via EDI at WST_Bankruptcy@cable.comcast.com. **See Doc 9.** This is Defendant's chosen method of bankruptcy notification delivery and insures that it gets prompt notice. After filing bankruptcy, Plaintiff verbally informed Defendant of her bankruptcy. Defendant was on notice of Plaintiff's bankruptcy, and the attendant automatic stay, as it repeatedly attempted to collect prepetition debt from Plaintiff.

10.

On September 21, 2018 Plaintiff verbally informed Defendant that she had filed bankruptcy. Defendant was now on notice twice, once from the Bankruptcy Court and this verbal notice, that Plaintiff had filed bankruptcy. Defendant is a sophisticated company with many customer accounts having been involved in bankruptcy. It knew how to handle an account that had been included in bankruptcy.

11.

On September 26, 2018 Plaintiff returned all of her equipment to Defendant and told it again about the bankruptcy. Defendant had no reason, or excuse, to contact Plaintiff.

12.

On September 28, 2018 Plaintiff received an additional two collection calls from Defendant. Each call was an attempt to collect prepetition debt. On October 1, 2018 she received yet another collection call from Defendant. Informing Defendant did not seem to make any difference as the

Page 3 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 & 105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18

collection calls continued. Plaintiff has received many collection calls from defendant since she filed her bankruptcy.

13.

Defendant's attempts to collect prepetition debt from Plaintiff, in violation of the automatic stay, have caused her to question the effectiveness of her bankruptcy. This issue has taken time and money to address as well as created a stress in Plaintiff's home. This action has impacted Debtor's ability to build towards her fresh start. Plaintiff is emotionally and physically upset to have been harassed in this manner despite choosing to file bankruptcy. There is nothing else Plaintiff can do to stop Defendant. Defendant's actions are willful, knowing, wanton, and malicious.

14.
LEGAL POINTS AND AUTHORITIES

**Legal Standard for Contempt**:

To obtain an order of contempt for violation of an order for relief, a debtor must prove that a party had knowledge of the order and intended the conduct that violated the order. See, e.g., *ZiLOG, Inc. v. Corning*, 450 F.3d 996, 1007 (9th Cir. 2006). To recover sanctions against a creditor for contempt, a debtor must establish the violation with clear and convincing evidence. *Renwick v. Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). A contempt proceeding in bankruptcy court is properly brought by motion. *Barrientos v. Wells Fargo Bank*, 633 F.3d 1186, 1191 (9th Cir. 2011); Fed. R. Bankr. P. 9020.

15.
CAUSE OF ACTION
11 U.S.C. § 362

Plaintiff incorporates the allegations above by reference.

///
///
///

Page 4 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 & 105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18

16.

11 U.S.C. § 362(a) imposed an affirmative duty on Defendant to promptly terminate its collection efforts against Plaintiff upon learning that she filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). Defendant's continued collection of pre-petition debt from Plaintiff despite actual notice of Plaintiff's bankruptcy violated that duty. Defendant's collection of prepetition debt from Plaintiff has adversely impacted her ability to work towards a fresh start. Defendant's violation of 11 U.S.C. § 362(a) as alleged above was "willful" as that term is defined in the Ninth Circuit because its acts were intentional, it had prior actual knowledge of the automatic stay, its conduct was unreasonable, and any alleged mistake of law was not a defense.

17.

To find a party in contempt, the moving party must show that (1) the party knew of the order being violated "and (2) the party's actions that violated the stay were intentional." *In re H Granados Commc'ns, Inc.*, 503 B.R. 726, 733 (B.A.P. 9th Cir. 2013). Defendant's violation of 11 U.S.C. § 362 as alleged above was "willful" as that term is defined in the Ninth Circuit because its acts were intentional, it had prior actual knowledge of the automatic stay, its conduct was unreasonable, and any alleged mistake of law was not a defense.

18.

Under 11 U.S.C. § 362(k), Plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Defendant in amounts to be decided by the Court.

**PRAYER FOR RELIEF**

After a stipulation or determination that Defendant willfully violated the automatic stay, Plaintiff seeks relief as follows:

A.  Money Judgment in favor of Plaintiff against Comcast Corporation for actual damages, sanctions, and punitive damages, and in favor of the law firm of The Law Office of Alexzander C.J. Adams for reasonable fees and costs incurred prosecuting this adversary proceeding.

Page 5 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 & 105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18

B. Plaintiff also seeks any equitable relief this Court may determine is fair. She may amend her complaint to include additional claims as new information is learned through discovery.

Plaintiff reserves the right to bring non-bankruptcy claims related to the behavior Comcast Corporation in separate non-bankruptcy legal actions.

NOVEMBER 8, 2018
LAW OFFICES OF ALEXZANDER C. J. ADAMS, P.C.

By: */s/ Noah Bishop on behalf of Alexzander C. J. Adams,*

Noah Bishop OSB No. 092871
Noah@ACJALaw.com
(503) 278-5400
Special Counsel for Plaintiff

Page 6 of 6 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 362 & 105 IN BANKRUPTCY CASE NO. 18-33190-dwh7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 18-03116-dwh    Doc 1    Filed 11/14/18